**AER LINGUS, Plaintiff,**

v.

**DART ORIENT SERVICES, INC., and the Wilson Group USA, Inc., Defendants.**

**No. 84 Civ. 3873 (RO).**

United States District Court, S.D. New York.

Feb. 28, 1986.

---

Condon & Forsyth, New York City (Steven Fearon, of counsel), for plaintiff.

Freehill, Hogan & Mahar, New York City (James L. Ross, of counsel), for defendant Dart Orient Services, Inc.

DeOrchis & Partners, New York City (M.E. DeOrchis and Manuel Llorca, of counsel), for defendant Wilson Group USA, Inc.

## OPINION AND ORDER

OWEN, District Judge.

Plaintiff shipped a 747 Jumbo Jet engine from Southhampton, England to Southington, Connecticut, where Pratt & Whitney, the engine's manufacturer, is located. In transit, the engine was severely damaged (it "has chunks of concrete embedded in it"); plaintiff brings this maritime action seeking damages of over $500,000. It is not entirely clear where the damage occurred, although it seems probable that it was on the road between the Port of New Jersey and Connecticut. Two motions for partial summary judgment pursuant to Fed.R.Civ.P. 56 are before me.

First, Dart, general agent for the owners of the vessel Dart Continent, which carried the engine from England to New Jersey, moves to limit its liability to $500 based on the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. § 1300 et seq., and on its bill of lading. COGSA limits the carrier's liability for damage occurring on board ship to $500 per package unless a higher value is declared. 46 U.S.C. §§ 1300, 1304(5), 1301(e). In addition, the bill of lading expressly incorporates the COGSA limitations. Bill of Lading, clause 2, 16. It is undisputed both that no higher value was declared and that the engine was shipped as one package, described on the bill of lading as "ONE CONTAINER OF: ONE X JUMBO JET ENGINE".

Admittedly, the bill of lading is on its face a through bill of lading, i.e., Dart was accepting responsibility for transport all the way to Hartford and not just on its own boat. *See* clause 3 of the bill; answer to interrogatory # 5 (in Exs. B and C to Aer Lingus 3(g) statement); New York U.C.C. § 7–302(1); *Phoenix Ins. Co. v. Monon R.R.*, 438 F.2d 1403, 1406 (8th Cir.1971). However, it appears that the bill in this form was the result of an error by a clerk in typing it up. Plaintiff admits that it was charged and paid for only an ordinary port to port bill of lading, and it did not make the arrangements beyond the ports that it would have done on a through bill of lading. Furthermore, Aer Lingus acknowledges that it did not pay the premium necessary to increase Dart's liability beyond the $500 per package limitation of COGSA.

The first question I must decide, then, is whether Dart is bound by its error in issuing a through bill of lading. Plain-

tiff knew, by virtue of the price it paid and the land transit arrangements (which were made by plaintiff, rather than by Dart as they would have been on a normal through bill), that this was not intended to be a through bill. Since plaintiff paid for only a limited responsibility, and apparently did not detrimentally rely on the erroneous bill, there is no reason why it should get more than what it paid for just because of a clerical error. *Berisford Metals Corp. v. S/S Salvador*, 779 F.2d 841 (2d Cir.1985) (emphasizing the "necessity of maintaining the integrity of and confidence in bills of lading"), cited by plaintiff, does not require a different outcome since there innocent third parties relied on facially correct bills of lading. Here, however, far from relying on an apparently correct bill, the parties all acted as if a port to port bill had been issued. Treating the bill, therefore, as if it properly stated the intentions of the parties, I necessarily grant Dart's motion to limit its liability to the $500 provided in COGSA and the bill of lading.

The second motion is by Wilson, a freight forwarder/customs broker, which, for a fee of $95, was hired by Pratt & Whitney to arrange for haulage from the port in New Jersey to Pratt & Whitney in Connecticut. It did not do the actual transport—apparently that was done by a former defendant here, Statra Import Export. Wilson issued its own bill of lading to Pratt & Whitney, which, while not before me, apparently contains no limitation of liability. However, a "Terms and Conditions of Service for Import Shipments" appearing on the back of Wilson's invoice does purport to limit liability to $50. Invoice, ¶ 8.

■ Wilson moves to limit its liability alternatively to $50 or to $500. First, it claims that it has limited liability contractually to $50. Here, the first question is whether such a contract was formed: the purported limitation appears only on the back of Wilson's invoice, issued *after* the delivery was completed. However, Wilson seeks to remedy that apparently fatal flaw by pointing out that Pratt & Whitney, its counter-contracting partner, had a repeated course of dealing with it and was or should have been aware of Wilson's standard contractual terms. If Pratt & Whitney was acting as plaintiff's agent in making these arrangements, any such knowledge would be imputed to plaintiff. *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 689 (2d Cir.1983); *Farr v. Newman*, 14 N.Y.2d 183, 250 N.Y. S.2d 272, 199 N.E.2d 369 (1964). This ground for Wilson's motion clearly turns, in the first instance, on the factual question of Pratt & Whitney's actual and imputed knowledge and is not yet ripe for summary judgment. *See Consolidated Int'l. Corp. v. S.S. Falcon*, 83 A.M.C. 270 (S.D.N.Y. 1982) (holding limitation of liability valid where party had actual knowledge of standard contractual terms through repeated dealings). Therefore, I do not reach the question of whether Wilson's services fall within the definition of "freight forwarder" set out in the Interstate Commerce Act, 49 U.S. § 10102, such as to bring it within the strictures of the Carmack Amendment, 49 U.S.C. § 11707(a)(2).

■ Second, Wilson maintains that it is entitled to the $500 limitation in Dart's bill of lading based on that bill's clause 20. However, clause 20 by its terms applies only to an "agent or servant" of Dart. Thus, even presuming that the bill is held to be a through bill, Wilson still is not covered, since it is not an agent or servant of Dart's and indeed has no contractual privity with Dart at all (it was hired by Pratt & Whitney).* Thus it is not protected by clause 20's limitation of liability and had no reason to rely on Dart's alleged apparent assumption of liability. *See Toyomenka, Inc. v. S.S. Tosaharu Maru*, 523 F.2d 518 (2d Cir.1975). No other clause in Dart's bill appears to protect third parties.

Wilson's motion for summary judgment is therefore denied. Dart's motion for par-

---

* Wilson alternatively argues that it relied on the bill's facial correctness as a through bill and thus that it should be indemnified by Dart even if the bill is not a through bill. However, Wil-

son's reliance, if any, was misplaced, since the bill, as noted, clearly applies only to agents or servants of Dart, and Wilson surely was aware that it had not been hired by Dart.

tial summary judgment limiting its potential liability to $500 is granted.

So ordered.